UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ROGER JEROME JACKSON, | Case No. 14-CV-3270 (PJS/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| UNCLAIMED PROPERTY, 10600 White Rock Rd., Ste. 141, Rancho Cardova, CA 95670; and WWW.CASHUNCLAIMED.COM, | |
| Defendants. | |

---

Plaintiff Roger Jerome Jackson is an inmate at the James River Correctional Center in Jamestown, North Dakota. He alleges that, according to the website www.cashunclaimed.com ("the Website"), he is entitled to $16,318.69 in unclaimed money. But, says Jackson, he cannot pay the $24.95 processing fee required by the Website for that unclaimed money, because he is currently in prison. Jackson asks that the Court act as an intermediary and forward certain information to the Website.

This matter is before the undersigned United States Magistrate Judge on Jackson's application for leave to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Jackson's IFP application be denied and that this action be summarily dismissed without prejudice.

It appears that Jackson misunderstands the role of this Court. Article III of the Constitution grants federal courts jurisdiction only over ongoing cases and controversies. *See Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (quoting *Haden v. Pelofsky*, 212

F.3d 466, 469 (8th Cir. 2000)). There does not appear to be any actual controversy between Jackson and the named defendants or anyone else with respect to the unclaimed money. Instead, Jackson simply claims that he is finding it difficult to collect on his windfall, and he asks that the Court step in to make his task easier. This task falls well outside of the Court's constitutional purview.

Further, it is difficult to see how the Court could have jurisdiction over this case. In the cover sheet affixed to his complaint, Jackson indicates that this Court has jurisdiction due to the citizenship of the parties. *See* 28 U.S.C. § 1332(a). But § 1332(a) is subject to the constitutional requirement that there be a live case or controversy. Moreover, for this Court to have jurisdiction under § 1332(a), more than $75,000 must be at stake between the parties. According to Jackson's complaint, he is seeking recovery of only $16,318.69. Section 1332(a) therefore cannot provide a basis for jurisdiction. And there no federal question at issue in this case, so 28 U.S.C. § 1331 cannot supply jurisdiction either.

In sum, this Court is without jurisdiction over this lawsuit. And without jurisdiction, of course, this Court cannot entertain Jackson's complaint. Accordingly, that complaint must be dismissed without prejudice.

This Court also notes, as an aside, that it is unlikely that Jackson filed his lawsuit in the correct venue. Under 28 U.S.C. § 1391(b),

> [a] civil action may be brought in —
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

>occurred, or a substantial part of property that is the subject of the action is situated; or
>
>(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

None of those provisions applies here. Jackson is seeking to recover money that is located in California. There is no allegation that the Website has any relation whatsoever to the District of Minnesota. Jackson is incarcerated in North Dakota. Indeed, it is unclear what connection Minnesota has to this litigation at all. Thus, even if this litigation presented a justiciable case or controversy (it does not), and even if there were an adequate basis for jurisdiction over this lawsuit (there is not), this District would nevertheless be the incorrect venue.

In any event, as explained above, this Court lacks jurisdiction over Jackson's complaint. Accordingly, this Court recommends that this case be summarily dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff Roger Jerome Jackson's motion to proceed *in forma pauperis* [ECF No. 2] be DENIED.

2. This action be SUMMARILY DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 5, 2014          <u>_s/Franklin L. Noel_</u>
                                                           Franklin L. Noel
                                                            United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by September 22, 2014, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.